People v S.B. (2025 NY Slip Op 50148(U))

[*1]

People v S.B.

2025 NY Slip Op 50148(U)

Decided on February 6, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2025
Youth Part, Erie County

The People of the State of New York

against
S.B., J.R., S.J., AOs.

Docket No. FYC-74289-24

James L. Harrington, Esq. (Assistant District Attorney)
Connor Dougherty, Esq. (for Principal J.R.)
Daniel Schaus, Esq. (for Principal S.J.)
Giovani Genovese, Esq. (for Principal S.B.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of JAMES L. HARRINGTON, Esq. (Assistant District Attorney), dated December 6, 2024; the responsive papers filed by CONNOR DOUGHERTY, Esq., dated January 29, 2025, on behalf of AO J.R.; the responsive papers filed by DANIEL P. SCHAUS, Esq., dated January 29, 2025, on behalf of AO S.J., and the responsive papers filed by GIOVANNI GENOVESE, Esq., dated January 29, 2025, on behalf of AO S.B.; oral argument and a hearing on the motion having been waived by the Assistant District Attorney; and due deliberation having been had, the Court finds the following:
Procedural History
Under docket numbers FYC-74289-245 and FYC-74290-24, AO S.B. and AO J.R. are charged, respectively, with one count of Criminal Mischief in the Third Degree, in violation of PL §§ 145.05(2) and 20.00; one count of Attempted Unauthorized Use of a Vehicle in the Third Degree, in violation of PL §§ 110.00/165.05(1) and 20.00 for an incident that occurred on December 11, 2024 at 7:51 PM. AO S.B. was also charged with one count of Possession of Burglar Tools, in violation of PL § 140.35; and one count of Resisting Arrest, in violation of PL § 205.30.
Under docket numbers FYC-74341-24, FYC-74344-24, and FYC-74350-24, AO S.B., [*2]AO J.R., and AO S.J. are charged, respectively, with one count of Criminal Mischief in the Third Degree, in violation of PL §§ 145.05(2) and 20.00, for an incident that allegedly occurred on December 15, 2024 at 9:29 AM.
Under docket numbers FYC-74343-24, FYC-74346-24, and FYC-74352-24, AO S.B., AO J.R., and AO S.J. are charged, respectively, with one count of Criminal Possession of Stolen Property in the Fourth Degree, in violation of PL §§ 165.45(5) and 20.00; one count of Criminal Mischief in the Third Degree, in violation of PL §§ 145.05(2) and 20.00; and one count of Unauthorized Use of a Vehicle in the Third Degree, in violation of PL §§ 165.05(1) and 20.00. This alleged incident occurred on December 15, 2024 at 10:03 AM.
The AOs were issued appearance tickets for each of the foregoing incidents.
This Court arraigned the AOs on all matters on December 23, 2024. AO S.B. was released on his own recognizance. He was already placed in the custody of the Office of Children and Family Services on a juvenile delinquency matter. AO J.R. was released under probation supervision with conditions. AO S.J. was released on his own recognizance with voluntary probation services. The People conceded the six-day reading. This Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the Extraordinary Circumstances Motion was scheduled on February 6, 2025.

Findings of Fact
It is alleged that on December 11, 2024, at 7:51 PM, two AOs, AO S.B. and AO J.R., smashed the rear passenger window and damaged the steering column on a 2013 white KIA with the intent of stealing said vehicle. The AOs fled the scene, but police apprehended them a short distance away with no incident. Police recovered a screwdriver from AO S.B.'s front right pocket. It is alleged that he used the screwdriver while attempting to take the vehicle. The Complainant stated that the steering column of her vehicle was damaged to the point that her car could not be operated or moved.
Four days later, on December 15, 2024 at 9:29 AM, three AOs, AO S.B, AO J.R, and AO S.J., broke the rear driver's side window of a gray 2023 Chevrolet Malibu, causing approximately $500 in damages. When confronted by the Complainant, the AOs fled in a blue sedan. It is alleged that approximately 30 minutes later, the AOs had in their possession and control a blue sedan (a 2013 Hyundai Sonata), which was reported stolen to the Buffalo Police. Officers on patrol observed the AOs in and operating the blue sedan as it ran out of gas and crashed into a parked vehicle. The AOs fled on foot but were apprehended by officers. The steering column on the vehicle was damaged in an amount not less than $250.

Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term [*3]"extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40.
This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
This Court balanced aggravating factors and mitigating circumstances and finds that extraordinary circumstances do not exist. The aggravating factor of committing a series of crimes in multiple days is applicable for AO S.B. and AO J.R. They allegedly attempted to steal or successfully stole three vehicles within four days. (AO S.J. was only present for the incidents on December 15, 2024). However, none of the AOs acted in an especially cruel and heinous manner, nor did they lead, threaten, or coerce other reluctant youth into committing the crimes before the court. No one was injured during these incidents. The People do not allege that a deadly weapon was used. None of these youths have a prior history in Youth Part. Two of the defense attorneys raise mitigating circumstances. AO J.R.'s attorney cites poverty as a mitigating circumstance. AO J.R.'s family sought shelter in multiple hotel rooms during this proceeding. This created a barrier to reporting to Probation. However, AO J.R. still maintained consistent contact with Probation. There are several mitigating circumstances to consider for AO S.J. He [*4]lacks positive role models. His father was not present in his life, and he is a registered sex offender. AO S.J. witnessed his mother to be a victim of domestic violence. Additionally, he experiences learning difficulties and educational challenges: he has an individualized education plan. He is a victim of gang violence. Two years ago, he was jumped by a gang and suffered injuries. He struggles with his mental health. He started regularly seeing a psychologist following the gang incident two years ago; he is diagnosed with depression and anxiety. He also saw his cousin be shot and killed at a park.
The People have not met their burden to prove that any of these young people would not be amenable to or would not benefit in any way from the heightened services in Family Court. Rehabilitative services would benefit all three of these Adolescent Offenders.
Extraordinary circumstances do not exist to prevent the transfer of these matters to Family Court. The People have not met their burden to prevent removal to Family Court. These matters shall be transferred to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN